# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., </br></br>Plaintiffs, </br></br>v. </br></br>SCHLUMBERGER TECHNOLOGY CORPORATION </br></br>Defendant. | Civil Action No: 6:21-cv-00225 </br></br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") file this Complaint for patent infringement against Schlumberger Technology Corporation ("Defendant" or "Schlumberger"), and, in support thereof, allege as follows:

## THE PARTIES

1. Plaintiff DynaEnergetics Europe GmbH ("DynaEnergetics Europe") is a corporation organized under the laws of Germany, with its headquarters at Kaiserstrasse 3, 53840 Troisdorf, Germany.

2. Plaintiff DynaEnergetics US, Inc. ("DynaEnergetics US") is a corporation organized under the laws of the State of Colorado, with its headquarters at 2050 W. Sam Houston Pkwy S., Suite 1750, Houston, TX 77042-3659. DynaEnergetics US has a regular and established place of business within this District at 3580 HCR 1145 Loop North, Blum, TX 76627.

3. Upon information and belief, Defendant Schlumberger Technology Corporation is a corporation organized under the laws of the State of Texas with a registered address of 1430 Enclave Pkwy, FL 2, Houston, Texas 77077-2499. Defendant may be served with process by

1

serving its registered agent at Capital Corporate Services, Inc., 206 E. 9th St., Suite 1300, Austin, Texas 78701, or as otherwise authorized under applicable law.

4. Upon information and belief, Defendant has regular and established places of business throughout Texas and in this District, including at 7220 W. IH-20, Midland, TX 79706; 6101 W Courtyard Drive, Suite 125, Austin, TX 78730; and 777 E Sonterra Boulevard #200, San Antonio, Texas 78258.

5. Upon information and belief, Defendant is a wholly-owned subsidiary of Schlumberger Holdings Corp. whose ultimate corporate parent is Schlumberger Ltd.

## JURISDICTION AND VENUE

6. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq.*

8. This court has personal jurisdiction over Defendant, and venue is proper in this District, because Defendant has regular and established places of business within the State of Texas and this District and because Defendant actively and regularly conducts business within the State of Texas and within this District. Further, upon information and belief, Defendant has committed acts of infringement within the State of Texas and this District. Specifically, upon information and belief, Defendant has manufactured, distributed, sold, and/or offered to sell the TruShot perforating gun to customers for use throughout the Permian Basin in Texas, which is primarily located within this District, including in Andrews, Crane, Ector, Jeff Davis, Loving, Martin, Midland, Pecos, Reeves, Upton, Ward, and Winkler counties. Upon information and

belief, Defendant employs at least one employee at its Midland, Austin, and San Antonio offices who travels to and/or sells products within the Permian Basin in furtherance of its regular and established business within this District. Further, upon information and belief, Defendant has placed, and/or has offered to place, the infringing TruShot perforating gun into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products will be sold and used in the State of Texas and within this District.

9. Venue as to Defendant is thus proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**FACTS**

10. DynaEnergetics is a leader in the field of well completion, perforating, well abandonment, and seismic technologies. DynaEnergetics has a long history of technological innovation, including innovation in the manufacture of detonators, detonating cords, and perforating hardware.

11. In connection with its research and development efforts, DynaEnergetics has developed groundbreaking inventions for modular perforating tools and perforating gun systems. These inventions are currently protected by multiple United States patents, including U.S. Patent No. 10,844,696 (the "'696 Patent").

12. The '696 Patent, entitled "POSITIONING DEVICE FOR SHAPED CHARGES IN A PERFORATING GUN MODULE," was duly and legally issued on November 24, 2020 to DynaEnergetics Europe. A true and accurate copy of the '696 Patent is attached hereto and incorporated herein by reference as Exhibit A.

13. DynaEnergetics makes, distributes, offers to sell, and sells perforating gun systems that practice the '696 Patent, including the DS Trinity® Perforating Gun System.

DynaEnergetics Europe exclusively licenses DynaEnergetics US to make, distribute, offer to sell, and sell perforating gun systems that practice the '696 Patent in the United States. DynaEnergetics has marked the covered products in accordance with 35 U.S.C. § 287.

14.     Defendant supplies drilling and measurement products and equipment for the oil and gas exploration industry. Defendant is a competitor of DynaEnergetics, including in the field of perforating gun systems. Defendant has, upon information and belief, either alone or in concert, manufactured, distributed, sold, or offered to sell the infringing TruShot perforating gun in the United States, including within the State of Texas and within this District.

15.     Upon information and belief, Defendant has advertised and offered for sale the infringing TruShot perforating gun in the United States including, for example, in a LinkedIn post on February 11, 2021 on the page of Defendant's Business Development Manager, Massiel Diez. A true and correct copy of the LinkedIn post is provided below and attached hereto as Exhibit B.



16.     Upon information and belief and as shown in the above LinkedIn post, Defendant has manufactured, distributed, sold, or offered to sell the infringing TruShot perforating gun in the United States in concert with Extreme Engineering Ltd., which is a division of Defendant.

*See Warf v. Extreme Engineering Ltd. and Schlumberger Tech. Corp.*, No. 4:15-cv-01580, Dkt. 12 (S.D. Tex. Aug. 10, 2015). Upon information and belief, Schlumberger Canada Ltd., a division of Schlumberger Ltd., acquired Extreme Engineering Ltd. in 2008. Upon information and belief, any and all claims involving Extreme Engineering Ltd. should be asserted against Defendant by operation of the merger. *See Warf v. Extreme Engineering Ltd. and Schlumberger Tech. Corp.*, No. 4:15-cv-01580, Dkt. 9 (S.D. Tex. July 15, 2015).

17. Upon information and belief, Defendant's TruShot perforating gun is substantially reflected in Defendant's Patent Publication No. WO 2020/232242 A1, attached hereto as Exhibit C.

18. The TruShot perforating gun infringes one or more claims of the '696 Patent, including at least each and every element of Claim 1 either literally or equivalently, as set forth below.

19. Claim 1 of the '696 Patent recites:

1. A holding device comprising:
    a shaped charge holder comprising:
        a body comprising a plurality of shaped charge receptacles;
        a plurality of retention mechanisms extending from a portion of the body, wherein each one of the plurality of retention mechanisms is configured to retain a shaped charge within a shaped charge receptacle of the plurality of shaped charge receptacles; and
        a cavity extending through the body along a central axis of the body, wherein
            each of the plurality of shaped charge receptacles extends radially from the central axis of the body and the plurality of shaped charge receptacles are arranged in a single axial plane, and

each of the plurality of shaped charge receptacles is configured for receiving the shaped charge in a configuration for directly initiating the shaped charge without the use of a detonating cord.

20. The TruShot perforating gun either literally or equivalently contains a holding device.



Fig. 1C

21. The holding device in the TruShot perforating gun either literally or equivalently comprises a shaped charge holder.



Fig. 3A

22.     The shaped charge holder of the TruShot perforating gun either literally or equivalently comprises a body comprising a plurality of shaped charge receptacles.



Fig. 3A

23. The shaped charge holder of the TruShot perforating gun either literally or equivalently comprises a plurality of retention mechanisms extending from a portion of the body, wherein each one of the plurality of retention mechanisms is configured to retain a shaped charge within a shaped charge receptacle of the plurality of shaped charge receptacles.



Fig. 3A

24. The shaped charge holder of the TruShot perforating gun either literally or equivalently comprises a cavity extending through the body along a central axis of the body.



Fig. 3A

25.     The shaped charge holder of the TruShot perforating gun either literally or equivalently comprises a plurality of shaped charge receptacles each extending radially from the central axis of the body and arranged in a single axial plane and configured for receiving the shaped charge in a configuration for directly initiating the shaped charge without the use of a detonating cord.



Fig. 1C

26. Defendant has known of the '696 Patent and its own infringing activities since at least as early as the filing of this Complaint.

27. Because Defendant is using infringing technology to compete directly with DynaEnergetics, it is causing irreparable harm to DynaEnergetics, thereby forcing DynaEnergetics to bring this lawsuit to protect its intellectual property.

## COUNT I – INFRINGEMENT OF THE '696 PATENT

28. DynaEnergetics repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

29. DynaEnergetics is the owner of the '696 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '696 Patent against infringers, and to collect damages for all relevant times.

30. Defendant has, either alone or in concert, directly infringed and continues to infringe the '696 Patent, either literally or through the doctrine of equivalents, by making, using, importing, supplying, distributing, selling and/or offering for sale the infringing TruShot perforating gun within the United States, in violation of 35 U.S.C. § 271(a).

31. At least as early as the filing of this Complaint, Defendant has been on notice of and has had knowledge of the '696 Patent and DynaEnergetics' allegations of infringement. Defendant's infringement of the '696 Patent has been willful and deliberate at least since this date.

32. DynaEnergetics has been damaged and irreparably harmed by Defendant's infringement of the '696 Patent for which DynaEnergetics is entitled to relief under 35 U.S.C. § 284 and 35 U.S.C. § 154(d). DynaEnergetics will continue to suffer damages and irreparable

harm unless Defendant is enjoined preliminarily and permanently by this Court from continuing its infringement.

## ATTORNEYS' FEES

33.  Pursuant to 35 U.S.C. § 285, DynaEnergetics is entitled to and hereby demands its reasonable attorneys' fees in this case.

## JURY DEMAND

34.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DynaEnergetics respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, DynaEnergetics respectfully asks that the Court issue citation for Defendant to appear and answer and seeks the following additional relief:

A.  That Defendant be declared to have directly infringed one or more of the claims of the '696 Patent under 35 U.S.C. § 271(a);

B.  That that Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the '696 Patent by Defendant, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

C.  That the Court order an accounting for all monies received by or on behalf of Defendant and all damages sustained by DynaEnergetics as a result of Defendant's aforementioned infringements, that such monies and damages be awarded to DynaEnergetics, and that interest and costs be assessed against Defendant pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 154(d);

D. That the Court declare that Defendant's infringement was and is willful from the time it became aware of the infringing nature of its product and award treble damages for the period of such willful infringement of the '696 Patent, pursuant to 35 U.S.C. § 284;

E. That the Court declare this an exceptional case and order that Defendant pay to DynaEnergetics its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

F. That the Court award such further and other relief to DynaEnergetics as the Court deems just, together with its costs and disbursements in this action.

Dated: March 9, 2021

Respectfully submitted,

By: */s/Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
Roger Brian Craft
Texas Bar No. 04972020
FINDLAY CRAFT P.C.
102 N. College Avenue, Suite 900
Tyler, TX 83402
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Barry J. Herman (*pro hac vice* to be filed)
Maryland Federal Bar No. 26061
Stephanie M. Nguyen (*pro hac vice* to be filed)
DC Bar No. 1046300
Julie C. Giardina (*pro hac vice* to be filed)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com
Telephone: (410) 545-5873
Email: Stephanie.Nguyen@wbd-us.com
Telephone: (410) 545-5802
Email: Julie.Giardina@wbd-us.com

Preston H. Heard (*pro hac vice* to be filed)
Georgia Bar No. 476319
Lauren U. Baker (*pro hac vice* to be filed)
Georgia Bar No. 345536
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com
Telephone: (404) 879-2420
Email: Lauren.Baker@wbd-us.com

Lisa J. Moyles (*pro hac vice* to be filed)
Connecticut State Bar No. 425652
Jason M. Rockman (*pro hac vice* to be filed)
New York Bar No. 4450953
MOYLES IP, LLC
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

***Attorneys for Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc.***